# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| THE STATE OF TEXAS and KEN PAXTON, in his official capacity at Attorney General of Texas, *Plaintiffs*, v. MERRICK GARLAND, in his official capacity as Attorney General of the United States; DEPARTMENT OF JUSTICE, *Defendants*. | § § § § § § § § § § § § CIVIL ACTION NO. _____ |

## COMPLAINT FOR A TEMPORARY RESTRAINING ORDER, DECLARATORY AND INJUNCTIVE RELIEF

1. The Department of Justice's history with Special Counsels is regrettably riddled with attempts to avoid transparency. Special Counsel Robert Mueller's team notoriously wiped their phones. And Defendant Attorney General Merrick Garland preferred to incur a Congressional contempt citation rather than turn over audio recordings from Special Counsel Robert Hur's investigation.

2. On November 8, 2024, Plaintiffs the State of Texas and Ken Paxton in his official Capacity as Attorney General of the State of Texas submitted a Freedom of Information Act (FOIA) request to Defendants for records from Special Counsel Jack Smith's investigation into President Trump. There is no doubt that many of Jack Smith's records are subject to release under FOIA. *See, e.g.*, *Judicial Watch v. DOJ*, 373 F. Supp. 3d 120 (D.D.C. 2019) (electronic communications of Special Counsel Mueller's agent subject to FOIA).

3.  Moreover, after the re-election of President Trump, it is clear that both Jack Smith's office, and his prosecution of the President, will soon end. Accordingly, most of the ordinary exemptions that his Office might assert to resist FOIA disclosures will become inapplicable. *See, e.g.*, 5 U.S.C. § 552(b)(7) (exemption for "law enforcement records" if disclosure "could reasonably be expected to interfere with enforcement proceedings").

4.  Attorney General Paxton, however, fears that many releasable records—including those that he sought—will never see daylight. That is not because DOJ has any *legal* reason to withhold them. Rather, Attorney General Paxton has a well-founded belief as set forth herein that Defendants will simply destroy the records. That is how they and/or their predecessors have operated in the recent past. And Jack Smith's team has conducted itself in multiple ways that suggest it cannot be blindly trusted to preserve, and eventually produce, all of its records.

5.  Moreover, Jack Smith's team has ample incentives to reduce to the maximum extent possible the odds that their records see daylight. After all, it has been thoroughly reported that persons close to the incoming President believe that Jack Smith's team has broken the law. *See, e.g.*, Ken Dilanian, *Trump's legal allies set the stage for DOJ investigations of adversaries,* NBC News (Nov. 8, 2024), available at https://www.nbcnews.com/politics/donald-trump/trump-legal-allies-set-stage-doj-investigations-adversaries-rcna179089. Regardless of whether that is true, it provides Jack Smith's team with an incentive to ensure that records of their work remain concealed.

6.  In order to ensure that he will be able to vindicate his rights under FOIA, Attorney General Ken Paxton seeks an order from this Court that Defendants preserve all of Jack Smith's records—or, at a minimum, all records that Paxton has requested in his FOIA request.

7. Courts have repeatedly issued orders in like circumstances. *See, e.g.*, *Citizens for Resp. & Ethics in Wash. v. Off. of Admin*, 565 F. Supp. 2d 23, 31–32 (D.D.C. 2008) ("[T]he Court shall require [agency] to preserve all records in its possession or under its custody or control that are potentially responsive to CREW's FOIA requests."); *Matthews v. Exec. Off. of United States Att's*, 2020 WL 10354076, at *2 (W.D. Tex. Oct. 6, 2020) (ordering "preservation of the documents Plaintiff has requested" under FOIA); *Armstrong v. Exec. Off. of President*, 823 F. Supp. 4, 5–6 (D.D.C. 1993) ("The Court ordered [Defendants] to take all necessary steps to preserve, without erasure, all electronic federal records that were the subject of this lawsuit.").

8. Moreover, relief is urgent because the time for Paxton to sue on his ***FOIA*** suit does not lapse until at the earliest December 10. *See* 5 U.S.C. 552(a)(6)(A)(ii). Paxton needs an order from this Court in the interim to ensure that Defendants preserve records.

9. While relief is not yet available under FOIA, it is well-settled that a plaintiff may "institute a non-statutory review action" against a federal officer "for allegedly exceeding his statutory authority." *Chamber of Com. v. Reich*, 74 F.3d 1322, 1327–28 (D.C. Cir. 1996).

10. Moreover, this Court ***will*** eventually have jurisdiction over litigation concerning the merits of the Attorney General's FOIA claim. Because of that, it has the authority to "issue all writs necessary or appropriate in aid of [its] jurisdiction[] and agreeable to the usages and principles of law."

11. The Court should enter a preservation order.

## I.   PARTIES

12. Plaintiff the State of Texas is a sovereign state of the United States.

13. Plaintiff Ken Paxton is the Attorney General of Texas. He is the chief legal officer of the State of Texas and has the authority to represent Texas in civil litigation. *Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001). Paxton sues in his official capacity.

14. Defendant Merrick Garland is Attorney General of the United States. He is sued in his official capacity.

15. Defendant the Department of Justice is an agency of the United States.

## II.   JURISDICTION, STANDING, AND VENUE

16. This Court has jurisdiction pursuant to 5 U.S.C. §§ 701–706 and 28 U.S.C. §§ 1331, 1361, and 2201, under the U.S. Constitution, and pursuant to the equitable powers of this Court.

17. The Court is authorized to award the requested declaratory and injunctive relief under 5 U.S.C. §§ 701–706, 28 U.S.C. §§ 1361 and 2201–02, the Constitution, and the Court's equitable powers.

18. Venue lies in this district under 28 U.S.C. § 1391(e)(1) because the Defendants are agencies of the United States and officers of the United States in their official capacities and Plaintiff the State of Texas resides in this judicial district.

## III.   BACKGROUND

19. On November 5, 2024, Donald Trump won the election to be the next President of the United States.

20. On November 8, 2024, Special Counsel Jack Smith filed a motion in one of his criminal prosecutions against the President that appears to indicate that the prosecution will soon end. Namely, Smith moved to vacate the briefing schedule in that case to determine "the appropriate

course going forward consistent with Department of Justice Policy." ECF No. 278, *United States of America v. Trump*, No. 23-cr-257 (D.D.C.).

21. Department of Justice policy makes plain that the case cannot proceed because it has repeatedly concluded that "criminal prosecution of a sitting President would impermissibly undermine the capacity of the executive branch to perform its constitutionally assigned functions." Office of Legal Counsel Memorandum, *A Sitting President's Amenability to Indictment and Criminal Prosecution* (Oct. 16, 2000).

22. Accordingly, on November 8, Attorney General Paxton submitted a FOIA request for many of Special Counsel Smith's records. *See* Exhibit A; Exhibit B.

23. That request seeks, among other things, all communications that Smith's office had with a range of outside parties, as well as information regarding the cell phones that were assigned to Smith's team. *See* Exhibit C.

24. By law, Defendants have until December 10 to respond to that request. 5 U.S.C. 552(a)(6)(A)(ii).

25. That time period, however, gives Defendants an unduly long, and inequitable, period within which to create significant obstructions to Paxton's request, including the outright destruction of responsive material.

26. Multiple recent episodes within the DOJ, particularly as it pertains to its Special Counsels, demonstrates that such obstructions would likely occur.

27. For example, Special Counsel Robert Mueller's team appears to have "deleted federal records that could [have] be[en] key to better understanding their decision-making process." Senator Grassley, *DOJ FOIA Release: Members of Mueller Team Repeatedly 'Wiped' Phones as*

*Watchdog Sought Records* (Sept. 11, 2020). Multiple officials on his team claimed to have "used the wrong password too many times" on their phone, such that the phone "automatically wiped the data." *Id.*

28. No one on Mueller's team was held accountable in a meaningful way for the record destruction.

29. The Mueller team's record destruction is regrettable for many reasons. One of which is that it sent a message to future Special Counsel teams that they too could likely destroy records with impunity.

30. The current DOJ, operating under Defendant Merrick Garland's supervision, has likewise demonstrated that it is willing to go to extreme lengths to resist transparency in the Special Counsel investigations.

31. For example, while the Department of Justice produced a *transcript* of President Biden's interview with Special Counsel Robert Hur, https://perma.cc/FN87-B2XK, it refused to produce the audio recording of that interview. At first, DOJ failed to claim any privilege over that recording, it simply asserted that production would be "cumulative." *See* Exhibit D. It posited that Biden has a "privacy interest" in the sound of his voice. Exhibit E. Then, mere hours before the commencement of a congressional meeting to hold Garland in contempt, Garland transmitted to Congress a letter wherein President Biden asserted "executive privilege" over the audio recording. Exhibit F.

32. That invocation of Executive Privilege appears to be by every indication frivolous given that the transcript had already been released. *See United States v. Mitchell*, 377 F. Supp. 1326, 1330 (D.D.C. 1974) ("[T]he [executive] privilege claimed [was] non-existent since the conversations

6

are . . . no longer confidential."). And on June 12, the House of Representatives found Garland in contempt. 170 Cong. Rec. H3970-71 (daily ed. June 12, 2024) (adopting House Resolution 1292, which found Garland in contempt of Congress in violation of 2 U.S.C. § 192), https://perma.cc/ZM69-EA7D. But DOJ has refused to prosecute Garland.

33. Moreover, Special Counsel Smith has treated records in a way that suggests a similar anything-goes application of the law.

34. In Special Counsel Smith's prosecution of President Trump over classified records, his team at one point told the court that with only "one exception," the boxes of confidential documents seized form Trump were "in their original, intact form as seized." ECF No. 522 at 8 n.3, *United States v. Trump*, 9:23-cr-80101-AMC (S.D. Fla).

35. But he was later forced to admit that "there are some boxes where the order of items within that box [are] ***not*** the same as in the associated scans." *Id.* at 8 (emphasis added).

36. Because he had no plausible justification for this inconsistency, he conceded to the court that what he first told the court was "inconsistent" with what he later acknowledged was true. *Id.*

37. And he later pivoted to saying that it was "nigh impossible" to "maintain[] the exact order of all documents." ECF No. 644 at 7–8.

38. In combination Smith's recklessness with documents and his willingness to resort to implausible legal arguments raises a significant likelihood that he will lose or destroy the documents at issue in Attorney General Paxton's FOIA request.

39. Special Counsel Smith also has a strong incentive to do whatever he can to prevent transparency given that persons close to the incoming President have accused Jack Smith's team of legal violations in the conduct of its investigation and prosecution of President Trump. *See, e.g.,*

7

Ken Dilanian, *Trump's legal allies set the stage for DOJ investigations of adversaries* NBC News (Nov. 8, 2024) available at https://www.nbcnews.com/politics/donald-trump/trump-legal-allies-set-stage-doj-investigations-adversaries-rcna179089.

## IV. CLAIMS FOR RELIEF

### COUNT 1
### Ultra Vires Action

40. All foregoing allegations are repeated and realleged as if fully set forth herein.

41. A plaintiff may "institute a non-statutory review action" against an official "for allegedly exceeding his statutory authority." *Chamber of Com. v. Reich*, 74 F.3d 1322, 1327–28 (D.C. Cir. 1996).

42. An act is ultra vires if it is "without any authority whatsoever" or is "made without any colorable basis for authority." *Danos v. Jones*, 652 F.3d 577, 583 (5th Cir. 2011).

43. Plaintiffs seek prospective relief to prevent Defendants from acting without any authority by destroying any records that are the subject of Plaintiffs' FOIA request. *See McCarty v. Teal*, No. 1:22-CV-170-H, 2023 WL 6300565, at *5 (N.D. Tex. Sept. 27, 2023) ("[A]n essential requirement for an ultra vires claim is that the relief sought must be prospective.").

44. For two reasons, Defendants lack statutory authority to delete any records at issue here.

45. *First*, the preservation of agency records is a fundamental process step before an agency can deliver records in response to a FOIA request.

46. "An agency violates its FOIA obligations by destroying records once a FOIA request has been received." *Wadelton v. Dept. of State*, 208 F. Supp. 3d 20, 27 (D.D.C. 2016).

47. Courts have previously found that injunctive relieve is necessary to prevent agencies from deleting or destroying documents subject to FOIA. *See Union Pac. R.R. Co. v. U.S. Envtl. Prot.*

8

*Agency*, 2010 WL 2560455 (D. Neb. June 24, 2010) (granting temporary restraining order against EPA, enjoining the EPA and its employees from deleting or destroying emails in violation of FOIA, and finding "irreparable harm" from EPA's "pattern of deleting relevant emails").

48. If the agency fails to preserve its records properly, the district court can compel the agency to promptly process and preserve the records. *See e.g.*, *Armstrong*, 823 F. Supp. at 6.

49. **Second**, the Federal Records Act (FRA) "governs the creation, management and disposal of federal records," *Armstrong v. Bush*, 924 F.2d 282, 284 (D.C. Cir. 1991), and does not provide any authority for Defendants to destroy records here.

50. The FRA defines "records" as "all recorded information, regardless of form or characteristics, made or received by a Federal agency under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the United States Government or because of the informational value of data in them[.]" 44 U.S.C . § 3301(1)(A).

51. The contents of Plaintiffs' FOIA request—records from Special Counsel Jack Smith's investigation into President Trump—are federal records as defined by the FRA.

52. Under the FRA, federal records may not be disposed or destroyed without authorization from the National Archives and Records Administration (NARA). Specifically, prior to destroying any federal record, the head of each agency must submit to NARA a list of any federal records that do not appear to have sufficient value to warrant their continue preservation. *Id.* at § 3303.

53. "Due to the importance of maintaining federal records (which are generally accessible to the public through the Freedom of Information Act), the [FRA] strictly limits the circumstances

9

under which records can be removed from federal custody or destroyed." *Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 953 (D.C. Cir. 2016).

54. The FRA requires that the "head of each Federal agency shall make and preserve records containing adequate and proper documentation" of the agency's functions and decisions "to protect the legal and financial rights of the Government and of persons directly affected by the agency's activities." 44 U.S.C. § 3101. Agency heads must also "establish safeguards against the removal or loss of records" that the agency head "determines to be necessary and required by regulations of the Archivist." *Id.* § 3105.

## COUNT II
### Writ in Aid of Jurisdiction (FOIA Claim, 5 U.S.C. § 552)

55. All foregoing allegations are repeated and realleged as if fully set forth herein.

56. Under FOIA, Plaintiffs will be able to bring suit to challenge any withholding of documents in this district because Plaintiffs reside in this district. 5 U.S.C. § 552(a)(4)(B).

57. In that FOIA suit, this Court will have the authority to "enjoin the agency from withholding records and to order the production of any agency records improperly withheld." *Id.*

58. This Court also has authority under the All Writs Act to "issue all writs necessary or appropriate in aid of [its] jurisdiction[] and agreeable to usages and principles of law." 28 U.S.C. § 1651(a).

59. Under the All Writs Act, this court has power "to maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels." *FTC v. Dean Foods Co.*, 384 U.S. 497, 604 (1966).

60. Relief under the All Writs Act is particularly warranted where relief might "otherwise be virtually impossible, thus rendering the enforcement of any final decree" of this Court "futile." *Id.*

61. A writ here directing Defendants to preserve Special Counsel Smith's records is warranted to preserve the status quo pending this Court's ultimate review of Plaintiffs' FOIA Action.

## V. REQUEST FOR RELIEF

Plaintiffs respectfully request that the Court:

a. Temporarily restrain and permanently enjoin Defendants from destroying any records in Special Counsel Jack Smith's possession.

b. Temporarily restrain and permanently enjoin Defendants from destroying any records that are the subject of Plaintiffs' FOIA request.

c. Declare that Defendants have no authority to destroy any records in Special Counsel Jack Smith's possession.

d. Declare that Defendants have no authority to destroy any records that are the subject of Plaintiffs' FOIA request.

e. Grant Plaintiffs such other relief as the Court deems just and proper and as justice so requires.

Date: November 11, 2024

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully submitted,

*/s/Ryan S. Baasch*
**RYAN S. BAASCH**
Associate Deputy Attorney General for Civil Litigation
Texas Bar No. 24129238
Ryan.Baasch@oag.texas.gov

**GARRETT GREENE**
Special Counsel
Texas Bar No. 24096217
Garrett.Greene@oag.texas.gov

**ZACHARY RHINES**
Special Counsel
Texas Bar No. 24116957
Zachary.Rhines@oag.texas.gov

OFFICE OF THE TEXAS ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2100

COUNSEL FOR PLAINTIFFS