IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS and KEN PAXTON, | |
| Plaintiffs, | |
| v. | 2:24-CV-240-Z |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is Plaintiffs' Emergency Motion for Preservation Order or, in the Alternative, Temporary Restraining Order ("Motion") (ECF No. 2), filed November 11, 2024. There, Plaintiffs seek "a preservation order directing that Defendants preserve all of Special Counsel Jack Smith's records or, at a minimum, those records responsive to Attorney General Paxton's FOIA request." *Id.* at 10.

The Court will not issue an order at this time. First, as Plaintiffs' own caselaw demonstrates, "all litigants are already obligated to take appropriate measures to preserve documents and information." *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*, No. SA-06-CA-0802, 2006 WL 8435984, at *1 (W.D. Tex. Sept. 21, 2006). Second, Plaintiffs' fears about document destruction in this case are specious at best. *See* ECF No. 2 at 7 (noting that "Special Counsel Mueller's team deleted phone records" in separate matter, "Attorney General Garland refused to produce audio recordings" from a separate investigation, "Special Counsel Smith has conducted his investigation in ways that suggest he may not properly preserve records," and that Smith "has a strong incentive to defeat transparency and accountability in whatever way he can"). Third, Plaintiffs' allegations bear no resemblance to cases where courts have imposed a preservation order. *See Legacy of Life*, 2006 WL 8435984, at *1

(noting that defendant had already deleted documents in the instant matter); *Matthews v. Exec. Office for U.S. Attorneys*, 1:20-CV-370-RP, 2020 WL 10354076, at *2 (W.D. Tex. Oct. 6, 2020) (preserving documents where Plaintiff had previously worked for defendants and understood their internal processes); *Competitive Enter. Inst. v. Office of Sci. and Tech. Policy*, No. 14-765, 2016 WL 10676292, at *1–2 (D.D.C. Dec. 12, 2016) (compelling documents sought from a personal email account when defendant had refused FOIA requests for over one year).

Therefore, Defendants are **ORDERED** to submit response briefing to Plaintiffs' Motion by no later than Monday, November 18, 2024, at 11:59 p.m. CST. That response briefing shall not exceed 15 double-spaced pages.

**SO ORDERED**.

November 12, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE