IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

STATE OF TEXAS and KEN PAXTON,

    Plaintiffs,

v.                                                                                                 2:24-CV-240-Z

UNITED STATES DEPARTMENT
OF JUSTICE, *et al.*,

    Defendants.

## ORDER

Before the Court is Plaintiffs' Emergency Motion for Preservation Order or, in the Alternative, Temporary Restraining Order ("Motion") (ECF No. 2), filed November 11, 2024. Plaintiff Ken Paxton submitted a FOIA request for Special Counsel Jack Smith's records on November 8, 2024. ECF No. 2-1 at 11–14. That is because in the wake of two criminal trials against President-elect Donald Trump, Plaintiffs argue that Smith is likely to "create significant obstructions . . . including the loss or outright destruction of responsive material." ECF No. 2 at 3. Thus, they seek "a preservation order directing that Defendants preserve all of Special Counsel Jack Smith's records or, at a minimum, those records responsive to Attorney General Paxton's FOIA request." *Id.* at 10.

**LEGAL STANDARD**

Plaintiffs seek either an emergency preservation order or a temporary restraining order. Those kinds of motions are materially similar. *Competitive Enter. Inst. v. Off. of Sci. and Tech. Pol'y*, No. 14-765, 2016 WL 10676292, at *2 (D.D.C. Dec. 12, 2016).

To obtain a temporary restraining order, Plaintiffs must establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent the injunction; (3) that the threatened injury absent injunctive relief outweighs any harm from granting the injunction; and

(4) that granting the injunction will not disserve the public interest. *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006).

Courts apply two similar tests for emergency motions for preservation. Under one test, the movant must show a significant risk that relevant evidence will be lost or destroyed, and that the particular steps to be adopted will be effective (but not overbroad). *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*, No. SA-06-CA-0802, 2006 WL 8435984, at *1 (W.D. Tex. Sept. 21, 2006). Under another test, the movant must demonstrate (1) the level of concern for maintaining the integrity of the evidence in question; (2) any irreparable harm likely to result from a failure to preserve; and (3) party capability to preserve evidence. *Id.*

### ANALYSIS

Plaintiffs warrant no emergency relief here. That is because, common to each of the foregoing standards, Plaintiffs must demonstrate a "substantial" or "significant" risk that Defendants will destroy the documents at issue in Paxton's FOIA request. They have failed to do so.

First, Plaintiffs do not plausibly allege that Smith has destroyed, is destroying, or will destroy documents subject to Paxton's FOIA request. They argue that "recent Special Counsel teams have destroyed documents and cheated meaningful accountability for it," that "current DOJ . . . has likewise demonstrated that it is willing to go to extreme lengths to resist transparency in the Special Counsel investigations," that "Special Counsel Smith is no stranger to making aggressive and implausible legal arguments to justify untenable governmental acts," and that "Special Counsel Smith [has] a strong incentive to do whatever he can to prevent transparency." ECF No. 2 at 4–5. Even if true, no foregoing allegation implies document destruction in *this* case. That distinguishes the instant matter from other cases supporting emergency relief. *See Legacy of Life*, 2006 WL 8435984, at *1 (noting that defendant had already deleted documents in the instant matter); *Matthews v. Exec. Off. for U.S. Att'ys*, No. 1:20-

CV-370-RP, 2020 WL 10354076, at *2 (W.D. Tex. Oct. 6, 2020) (preserving documents where Plaintiff had previously worked for defendants and understood their internal processes); *Competitive Enter.*, 2016 WL 10676292, at *1–2 (compelling documents sought from a personal email account when defendant had refused FOIA requests for over one year). Accordingly, Plaintiffs fail to demonstrate the requisite harm justifying emergency injunctive or preservative relief here.

Plaintiffs' reply provides no further assurances. ECF No.14. There, they claim that "widely shared photos showed a paper shredding truck parked outside DOJ headquarters." *Id.* at 1. Plaintiffs conclude that while "Defendants claim they are committed to preserving records, the public sees a truck seemingly ready to destroy them." *Id.* at 1–2. This claim is unserious. *Contra id.* at 1 ("Plaintiffs do not approach this Court lightly."). Defendants could shred paper for many legitimate reasons, and Plaintiffs have proffered nothing to suggest more nefarious intentions.

Second, the Federal Records Act binds Defendants (including Smith and his staff) to a specific records schedule. Specifically, the FRA requires heads of federal agencies to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency." 44 U.S.C. § 3101. Subject agencies "shall establish safeguards against the removal or loss of records the head of such agency determines to be necessary." *Id.* § 3105; *see* ECF No. 9 at 7–11 (records schedule). The Court must presume that, absent evidence to the contrary, Defendants act in accordance with their foregoing duties. *See, e.g., United States v. Chem. Found.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and . . . that they have properly discharged their official duties."); *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001) (noting "that a presumption of regularity attaches to the actions of Government agencies"). Plaintiffs have not overcome that presumption here.

3

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **DENIED**.

**SO ORDERED.**

November 25, 2024

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE